[Cite as *State v. Dennis*, 2016-Ohio-8136.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 27692 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRIAN L. DENNIS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2013 06 1690 |

DECISION AND JOURNAL ENTRY

Dated: December 14, 2016

HENSAL, Judge.

{¶1} Defendant-Appellant, Brian Dennis, appeals his convictions from the Summit County Court of Common Pleas for possession of cocaine, possession of heroin, and having a weapon while under disability. For the following reasons, this Court remands the matter for further proceedings consistent with this opinion.

I.

{¶2} According to the testimony adduced at the suppression hearing, in the early morning hours of June 22, 2015, Akron Police received a call regarding a stolen vehicle. The caller followed the vehicle until it pulled into the driveway of the home located at 964 Davis Street in Akron. Police officers arrived and observed the stolen vehicle backed into the driveway. Two officers then secured the back of the home, while other officers, including Detective (then Officer) James Donohue, knocked on the front door. A woman answered the door, identified herself as the homeowner, and indicated that the driver of the vehicle was in the

back bedroom. The homeowner then told Detective Donohue that he was not permitted to enter her home without a warrant, to which he responded: "Don't get caught up in his mess." According to Detective Donohue, the homeowner then said "[o]kay" or "all right" and allowed the officers to enter.

{¶3} Officers located Mr. Dennis in the back bedroom, where he was watching television and looking at his phone with the bedroom door open. According to Detective Donohue, he ordered Mr. Dennis to stand up, which revealed a gun underneath where he had been sitting. Officers then searched his person and found a bag of cocaine in his pocket. Upon searching the vehicle, officers located a digital scale and a bag of heroin. Mr. Dennis was arrested and taken to the police station for questioning. While there, Mr. Dennis admitted that the cocaine, heroin, and gun were his. Regarding the vehicle, Mr. Dennis later testified that he "rented" it from someone in exchange for cocaine, and did not know that it had been stolen.

{¶4} Mr. Dennis was charged with possessing heroin in violation of Revised Code Section 2925.11(A)/(C)(6), possessing cocaine in violation of Section 2925.11(A)/(C)(4), having a weapon while under disability in violation of Section 2923.13(A)(2), and receiving stolen property in violation of Section 2913.51(A). Mr. Dennis pleaded not guilty, and the case proceeded to a jury trial. After a two-day trial, the jury returned a verdict of guilty on all counts except receiving stolen property. Mr. Dennis has appealed, raising four assignments of error for our review. For ease of consideration, we have combined Mr. Dennis's first and second assignments of error, as well as his third and fourth assignments of error.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN [IT] OVERRULED THE DEFENDANT'S MOTION TO SUPPRESS, VIOLATING MR. DENNIS'S FOURTH AMENDMENT RIGHTS TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE. THE POLICE ENTERED THE HOME AND BEDROOM WHERE BRIAN DENNIS WAS STAYING WITHOUT A WARRANT, AND THE POLICE FOUND EVIDENCE USED AGAINST MR. DENNIS AT TRIAL, WHICH VIOLATED MR. DENNIS'S RIGHT TO A FAIR TRIAL, AND THE CONVICTION MUST BE REVERSED.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN [IT] RULED AGAINST THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE, ON THE GROUNDS THAT MR. DENNIS DID NOT HAVE AN EXPECTATION OF PRIVACY WHERE HE WAS STAYING. THIS VIOLATED MR. DENNIS'S RIGHT TO A FAIR TRIAL, MERITING REVERSAL OF BRIAN DENNIS'S CONVICTIONS.

{¶5} In his first assignment of error, Mr. Dennis argues that the trial court erred by overruling his motion to suppress the evidence regarding the gun and drugs found on or near him because the officers seized those items as a result of a warrantless and otherwise unlawful search and seizure. He, therefore, argues that the trial court's denial of his motion violated his constitutional right to be free from an unreasonable search and seizure. In his second assignment of error, Mr. Dennis argues that the trial court erred by denying his motion to suppress on the grounds that he did not have a reasonable expectation of privacy in the home and, therefore, lacked standing. Regarding our standard of review,

> [a]ppellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Citations omitted.) *State v. Schmidt*, 9th Dist. Lorain No. 13CA010499, 2015-Ohio-146, ¶ 19, quoting *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶6}   Criminal Rule 12(F) provides that, "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record."  Here, the trial court's journal entry denying Mr. Dennis's motion to suppress contained no findings of fact. While the transcript from the suppression hearing reflects that the trial court found that Mr. Dennis lacked a reasonable expectation of privacy, it is unclear which facts precipitated the trial court's decision in that regard, or whether the trial court's ultimate decision relied upon legal conclusions derived from other facts contained in the record.  Our review, therefore, is hindered by the trial court's failure to make findings of fact.  *State v. Payne*, 9th Dist. Wayne No. 11CA0029, 2012-Ohio-305, ¶ 14, citing *State v. Martin*, 9th Dist. Summit No. 24812, 2009-Ohio-6948, ¶ 13-15.  *Compare State v. Gilmore*, 9th Dist. Summit No. 27344, 2015-Ohio-2931, ¶ 4, fn. 1 (concluding that the trial court's failure to issue findings of fact did not hinder the Court's review because any factual dispute did not affect the outcome of the Court's analysis). Thus, due to our limited standard of review in suppression appeals, we must reverse the trial court's judgment as it relates to the suppression motion and remand this matter for the trial court to set forth factual findings.  *See Payne* at ¶ 14.

ASSIGNMENT OF ERROR III

THE TRIAL COURT VIOLATED MR. DENNIS'S SIXTH AMENDMENT RIGHT TO CROSS-EXAMINATION WHEN THE COURT PERMITTED THE STATE TO USE A POLICE REPORT DRAFTED BY OFFICER URIDALES (SIC), WHEN OFFICER URIDALES (SIC) WAS UNAVAILABLE TO GIVE TESTIMONY AND BE SUBJECT TO CROSS EXAMINATION.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY OVERRULING THE OBJECTION OF DEFENSE COUNSEL WHEN MULTIPLE POLICE OFFICERS WERE PERMITTED TO TESTIFY FROM A POLICE REPORT THEY DIDN'T DRAFT, WITHOUT A FOUNDATION ESTABLISHED BY THE PROSECUTOR FOR THE REPORT, IN VIOLATION OF THE RULE AGAINST HEARSAY.

**{¶7}** In light of our disposition of Mr. Dennis's first and second assignments of error, we conclude that any discussion of the remaining assignments of error would be premature and, therefore, we will not address them at this time.

III.

**{¶8}** The judgment of the Summit County Court of Common Pleas as it relates to Mr. Dennis's suppression motion is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
CONCURS.

MOORE, J.
CONCURRING IN JUDGMENT ONLY.

{¶9}    I agree that this matter must be remanded to the trial court; however I disagree that it must be remanded for the trial court to set forth findings of fact. Instead, I would conclude that the transcript of proceedings sufficiently sets forth the trial court's findings of fact such that this Court could adequately review the merits of this appeal. Upon review of the merits, I would sustain Mr. Dennis' second assignment of error; I would conclude that the trial court erred in determining that Mr. Dennis lacked standing because in so doing, the trial court based its credibility determinations on matters outside the record and made factual findings that are not supported by the record. Accordingly, I would remand the matter to the trial court to reconsider the issue of standing.

{¶10} Crim.R. 12(F) provides in part that, "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." Here, the trial court did just that. It stated its findings on the record at the suppression hearing. There is nothing in Crim.R. 12(F) requiring those findings to also appear in a journal entry resolving the motion. *See State v. Ronau,* 6th Dist. Lucas No. L-02-1147, 2002-Ohio-6687, ¶ 10 (concluding

that the trial court's recitation of its reasons for granting the motion to suppress on the record at the suppression hearing was sufficient to satisfy Crim.R. 12(F)'s requirements).

{¶11} In this case, at the end of the suppression hearing, the trial court made the following statement concerning whether it believed Mr. Dennis' testimony about what he overheard: "[T]here's a TV on. [Mr. Dennis is] in the back bedroom. There's a knock at the door of the front house. I looked at the description of the house on the auditor's website while we were talking. I think it's actually, like, a 973 square feet ranch house, with three bedrooms. I think that it is unlikely that Mr. Dennis heard many words or every little thing."

{¶12} Later, the trial court stated:

If someone is staying at someone's house for a couple of weeks and that person has small children and I've been friends with that person all my life, I think you should know the names of the children. Not only what they call them[.] I think you should know more about that and you don't. And that gives me the indication that it was, at best, a flophouse for you, and at a flophouse I don't think you have those same expectations of privacy that you might have if you are, for example, staying for a while. It's a choice of words, but I'm going to deny the motion.

{¶13} I would conclude that the foregoing statements by the trial court were sufficient to constitute findings of fact as that phrase is used in Crim.R. 12(F) and that those findings were sufficient to allow this Court to review the merits of Mr. Dennis' appeal.

{¶14} The first set of statements by the trial court is problematic because it evidences that at least part of the trial court's credibility determinations were based upon its consideration of information not in the record.

{¶15} The second set of statements by the trial court is also problematic for a few reasons. First, there was no testimony, aside from Mr. Dennis', about how many children Ms. Clark had or what their names were. It is unclear whether the names Mr. Dennis referenced were nicknames or legal names; Mr. Dennis only stated that, with respect to the girl's name, that was

the name he knew her by. Thus, it is difficult to conclude that Mr. Dennis did not know the children's names, which appears to be one of the reasons why the trial court discounted his testimony. Additionally, it is unclear what precisely the trial court meant by characterizing the residence as a "flophouse[,]" and it is thus also unclear if that characterization is supported by the record.

{¶16} Given the foregoing, I would conclude that the trial court erred in determining that Mr. Dennis lacked an expectation of privacy in the residence because it based its credibility determinations on facts outside the record and facts that are not supported by the record. Therefore, I would remand the matter for the trial court to reconsider the issue. In light of the remand, I would decline to address the remaining assignments of error at this time, as I believe that doing so is premature.

APPEARANCES:

JACLYN PALUMBO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RACHEL M. RICHARDSON, Assistant Prosecuting Attorney, for Appellee.