**[Cite as *State v. Adams*, 2019-Ohio-4762.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.    29330 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DOMINIQUE J. ADAMS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR-2018-01-0248 |

DECISION AND JOURNAL ENTRY

Dated: November 20, 2019

SCHAFER, Judge.

{¶1} Defendant-Appellant, Dominique J. Adams, appeals from his conviction in the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

{¶2} In February of 2018, the Summit County Grand Jury issued an indictment charging Mr. Adams with one count of having weapons while under disability in violation of R.C. 2923.13(A)(3), a felony of the third degree, and one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), a felony of the fourth degree. The charges stem from an incident on January 23, 2018, when Akron police initiated a traffic stop of the 2018 Ford Expedition vehicle Mr. Adams was driving. The police decided to stop the vehicle after they observed that the rear lights of the vehicle were not illuminated, which they determined to be a safety issue and a traffic violation. After officers approached the vehicle, one of the officers observed a gun in the back seat and discovered that the weapon was loaded.

{¶3} Mr. Adams entered a plea of not guilty to both charges. He filed a motion to suppress contending that, although they stopped his vehicle because it had no tail lights, "there was no probable cause for the police officer to look inside the vehicle, and as a practical matter it is highly doubtful that the police officer would be able to observe a dark colored handgun in the back of a dark vehicle at 1:30 [a.m.]" Accordingly, Mr. Adams argued that officers lacked a basis for seizing the gun in his vehicle and sought to suppress the introduction of the weapon at trial.

{¶4} The trial court held a hearing on the motion. The transcript of the suppression hearing reflects that Mr. Adams abandoned the initial argument raised in his motion. At the beginning of the suppression hearing, the State informed the trial court as follows:

> We are here this afternoon on [Mr. Adams]'s motion to suppress. It is my understanding that the issue here is - - it is a traffic stop, ultimately a gun is found, but the initial reason for the stop, the report reads, that the rear lights - - or the rear lights, the nighttime rear lights were not illuminated.

> I believe [Mr. Adams] is contesting that fact and I have two officers here waiting to testify. And I believe that's the only issue. The reason for the initial traffic stop is the only issue here for the [c]ourt to decide.

Mr. Adams acquiesced in the State's summary of the issue. Trial counsel for Mr. Adams followed up with a brief opening remark, indicating that

> [t]his [incident] happened, I think, in late January of [2018], so the vehicle couldn't have been more than four or five months old, and the sheet [provided by the car rental agency that owned the vehicle] indicates that there were no repair records for this vehicle. So it is our contention that we have a brand new car[;] the rear lights were working.

{¶5} At the hearing, Officers Steven Orwick and Brandon Collins of the Akron Police Department testified that they were on patrol in a marked police cruiser during the early morning hours of January 23, 2018. At approximately 1:30 a.m., the officers were traveling northbound on Kelly Avenue when a vehicle passed them in the opposite direction in a southbound lane.

Both officers observed that the front of the vehicle was illuminated, but the rear lights of the vehicle were not visible and the back of the vehicle was black. The officers determined that the lack of rear illumination was a traffic violation as well as a safety issue. Consequently, the officers made a U-turn and initiated a traffic stop of the 2018 Ford Expedition rental vehicle driven by Mr. Adams.

{¶6} According to Officer Orwick, the police cruiser was equipped with a dash camera, but there was no recording of this traffic stop because the equipment was not working at that time. There was a recording of the stop from the officers' body cameras showing that some of the vehicle lights were illuminated after the stop. Both officers acknowledged that the vehicle's brake lights are on in the video. Officer Collins testified that the vehicle's brake lights came on after they initiated the stop.

{¶7} Mr. Adams did not present any witnesses at the hearing. The parties stipulated to the evidence, which included the State's Exhibit 1, a DVD-R containing the body camera recordings; the State's Exhibit 2, a 2018 Expedition Owner's Manual; and Mr. Adams's Exhibit A, the Avis Budget Group Subpoena Request. Following the hearing, the trial court issued a journal entry summarily denying the motion to suppress.

{¶8} Thereafter, Mr. Adams withdrew his prior plea of not guilty and entered a plea of no contest to the indictment. The trial court accepted his plea, found Mr. Adams guilty of improperly handling firearms, and dismissed the charge of having weapons while under disability. The trial court sentenced Mr. Adams to one year of community control. Mr. Adams timely appealed his conviction, presenting one assignment of error for our review.

II.

## Assignment of Error

**The trial court erred when it failed to suppress all evidence and statements obtained in violation of [Mr. Adams's] Fourth, Fifth[,] and Sixth Amendment rights under the United States Constitution and Article I, Sections Ten and Fourteen of the Ohio Constitution.**

{¶9} In his sole assignment of error, Mr. Adams presents the following issue: "[w]hether there was a legitimate basis for stopping [Mr. Adams's] vehicle or whether it was a pretext for a warrantless search."

{¶10} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. When the trial court considers a motion to suppress, it assumes the role of trier of fact and, therefore, it is in the "best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.* This Court must "then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶11} "[A] pretextual traffic stop occurs when a police officer uses a minor traffic violation to stop a vehicle in order to inquire into an unrelated, more serious crime for which the officer may have a hunch, but does not possess the level of suspicion necessary to justify an investigative detention." *State v. Carlson*, 102 Ohio App.3d 585, 589 (9th Dist.1995). The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and Section 14, Article I of the Ohio Constitution, guarantees the right of the people to be free from unreasonable searches and seizures by the government. *State v. Orr*, 91 Ohio St.3d 389, 391 (2001). However, "[w]here a police officer stops a vehicle based on

probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." *Dayton v. Erickson*, 76 Ohio St.3d 3 (1996), syllabus. "[A] traffic stop is constitutionally valid if an officer has a reasonable and articulable suspicion that a motorist has committed, is committing, or is about to commit a crime." *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 7, citing *Delaware v. Prouse*, 440 U.S. 648, 663 (1979).

{¶12}   In his merit brief, Mr. Adams argues that the officers' claims regarding the rear lights of the vehicle were pretext. Specifically, Mr. Adams contends that the State failed to present "objective evidence" showing a traffic violation, and either failed to create or failed to preserve a dash cam video, because the "more probable" reason for the stop was racial profiling. Mr. Adams asserts that the officers pulled him over because he was "black and driving an expensive, late model SUV at 1:30 a.m."

{¶13}   Focusing on Mr. Adams's contention "that the officers lacked a basis to stop his vehicle[,]" the dissent cites to the trial court's failure to issue findings of fact in its decision to overrule the motion to suppress as a basis for reversal. However, considering the narrow issue presented to the trial court, there is no lack of clarity as to which facts precipitated the trial court's decision and, therefore, the trial court's failure to issue findings of fact does not hinder our review because any factual dispute would not affect the outcome of this Court's analysis. *State v. Dennis*, 9th Dist. Summit No. 27692, 2016-Ohio-8136, ¶ 6, citing *State v. Gilmore*, 9th Dist. Summit No. 27344, 2015-Ohio-2931, ¶ 4, fn. 1. The singular question posed to the trial court was whether the lights on the rear of the vehicle were—as the officers claimed—not illuminated prior to the stop. Both officers presented uncontroverted testimony that the rear

lights were not on prior to the stop. Further, the officers agreed that the brake lights were on, as depicted in the video, after the stop when the vehicle was parked. At the hearing, counsel for Mr. Adams asserted that the lights must have been working because this was a new vehicle in good working order. However, Mr. Adams has not pointed to any evidence in the record to support his argument that, contrary to the officers' testimony, the rear lights of the vehicle were actually illuminated when they decided to stop his vehicle. *See* App.R. 12(A)(2); App.R. 16(A)(7). Otherwise put, even if the trial court accepted his position that the vehicle and its lights were in good working order, Mr. Adams did not point to any evidence to establish that the lights were *turned on* when the officers observed the vehicle prior to the stop. Thus, there was no actual dispute of fact for the trial court to reconcile—only Mr. Adams's argument that the lights were working, and the officers' testimony that, regardless of whether the lights were working, the lights were not on when they decided to stop the vehicle.

{¶14} Moreover, the argument presented on appeal goes well beyond the scope of Mr. Adams's argument in the trial court. The record reflects that Mr. Adams did not present any argument or evidence to the trial court regarding his present contention that the traffic stop was pretext for an investigatory search of his vehicle. An argument that a stop was pretext cannot be raised on appeal if it is not first presented to the trial court through a motion to suppress. *See State v. Arbuckle*, 9th Dist. Lorain No. 94CA005823, 1995 WL 134751, *4. Because Mr. Adams did not develop this argument in his motion to suppress or during the suppression hearing, he is precluded now from raising it for the first time on appeal. *State v. Keagle*, 9th Dist. Summit No. 29045, 2019-Ohio-3975 ¶12, citing *State v. Nestor*, 9th Dist. Summit No. 27800, 2016-Ohio-1333, ¶ 18. A "defendant must make clear the basis of his challenge in his motion to suppress in

order to preserve the challenge for appeal[.]" *Nestor* at ¶ 18 citing *City of Xenia v. Wallace*, 37 Ohio St.3d 216, 218 (1988). Therefore, Mr. Adams's assignment of error is overruled.

## III.

**{¶15}** Mr. Adams's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶16} I respectfully dissent from the judgment of the majority. In his brief, not only did Adams make an argument about pretext, he also argued that the officers lacked a basis to stop his vehicle. Accordingly, I would conclude that the issue of whether the officers had a basis to stop the vehicle is properly before this Court. However, because the trial court failed to make any findings of fact when it denied the motion to suppress, I would conclude that it is necessary to reverse the trial court's judgment and remand the matter to the trial court for it to do so. *See* Crim.R. 12(F) ("Where factual issues are involved in determining a motion, the court shall state its essential findings on the record."); *see also State v. Dennis*, 9th Dist. Summit No. 27692, 2016-Ohio-8136, ¶ 6.

APPEARANCES:

KERRY M. O'BRIEN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistnat Prosecuting Attorney, for Appellee.