[Cite as *State v. Foster*, 2024-Ohio-4657.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.   30914 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| THOMAS FOSTER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.   CR-2021-06-2153 |

DECISION AND JOURNAL ENTRY

Dated: September 25, 2024

SUTTON, Presiding Judge.

{¶1} Defendant-Appellant Thomas Foster appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

**Relevant Background Information**

{¶2} This matter arises from a residential fire on June 2, 2021, at 29 Vesper Avenue, where Mr. Foster was residing with several individuals including his mother. Several people heard Mr. Foster threaten to burn the house down that day after a fight with C.R., Mr. Foster's ex-girlfriend, who also lived in the residence. One dog, owned by B.F., Mr. Foster's mother, and three cats, owned by J.S., perished as a result of the fire. Mr. Foster was charged with: (1) one count of aggravated arson in violation of R.C. 2909.02(A)(1)/(B)(2), a felony of the first degree; (2) one count of aggravated arson in violation of R.C. 2909.02(A)(2)/(B)(3), a felony of the second

degree; and (3) four counts of cruelty to companion animals in violation of R.C. 959.131(C)/(E)(2), felonies of the fifth degree.

{¶3}    Mr. Foster pleaded not guilty and the matter proceeded to jury trial.  The jury returned a guilty verdict on all counts and the trial court sentenced Mr. Foster to an aggregate minimum prison term of 14 years and an aggregate maximum prison term of 16 and ½ years.

{¶4}    Mr. Foster now appeals raising four assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

**[MR. FOSTER'S] CONVICTIONS WERE NOT BASED UPON SUFFICIENT EVIDENCE AS A MATTER OF LAW.**

{¶5}    In his first assignment of error, Mr. Foster argues his convictions were not based upon sufficient evidence.  Specifically, Mr. Foster argues the State failed to prove the serious physical harm element of his cruelty to companion animals convictions and the State failed to prove Mr. Foster was the person responsible for the arson.

{¶6}    "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 2009-Ohio-6955, ¶ 18 (9th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390. For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id*.

**Cruelty to Companion Animals**

{¶7} R.C. 959.131(C) states: "[n]o person shall knowingly cause serious physical harm to a companion animal." Further, R.C. 959.131(A)(12) states:

"Serious physical harm" means any of the following:

(a) Physical harm that carries an unnecessary or unjustifiable substantial risk of death;

(b) Physical harm that involves either partial or total permanent incapacity;

(c) Physical harm that involves acute pain of a duration that results in substantial suffering or that involves any degree of prolonged or intractable pain.

{¶8} Mr. Foster's sole argument is the State failed to prove serious physical harm because, instead, it proved the dog and three cats died as a result of their injuries from the fire. Based upon this record, it is obvious death, as occurred here, constitutes serious physical harm. As a result of their injuries from being trapped inside a burning home, the dog and three cats suffered the ultimate total permanent incapacity of death. *See State v. Lloyd*, 2022-Ohio-4259, ¶ 22 ("the serious physical harm that occurred *was* the victim's death."). (Emphasis in original.) Thus, Mr. Foster's argument is not well-taken.

**Aggravated Arson**

{¶9} R.C. 2909.02(A) states, in relevant part:

No person, by means of fire or explosion, shall knowingly do any of the following:

(1) Create a substantial risk of serious physical harm to any person other than the offender; [or]

(2) Cause physical harm to any occupied structure[.]

{¶10} Mr. Foster claims the evidence was insufficient to support his convictions because no one witnessed him "ignite the fire." "The identity of a perpetrator must be proved by the State beyond a reasonable doubt." *State v. Dumas*, 2021-Ohio-1534, ¶ 7 (9th Dist.). "Like any other

element of an offense, identity may be established through direct or circumstantial evidence." *State v. Jackson*, 2017-Ohio-635, ¶ 7 (9th Dist.). "Circumstantial evidence and direct evidence inherently possess the same probative value[.]" *Jenks* at paragraph one of the syllabus.

{¶11} At trial, the State presented the testimony of three witnesses who heard Mr. Foster threaten to burn the house down the day of the fire. Witnesses testified Mr. Foster was angry that day and argued with C.R., his ex-girlfriend, who also lived in the house. C.R. testified Mr. Foster had lighters because he smoked cigarettes. C.R. also testified after Mr. Foster initially argued with her in the early morning hours of June 2, 2021, C.R. went next door to the other side of the duplex and Mr. Foster remained in the basement bedroom where the fire started. C.R. also testified Mr. Foster told her, through the door between the duplexes, that another resident was fighting with Mr. Foster's mother and C.R. had to leave the basement to look into it or he would burn the place down. C.R. indicated when she approached Mr. Foster's mother and the other resident they did not know what C.R. was talking about and denied fighting. Further, the fire investigator testified the fire originated in the basement bedroom, which C.R. and Mr. Foster shared at the time of the fire.

{¶12} Viewing the evidence in a light most favorable to the State, a rational trier of fact could have found the State proved the issue of identity, that Mr. Foster committed the arson, beyond a reasonable doubt.

{¶13} Accordingly, Mr. Foster's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

**[MR. FOSTER'S] CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶14} In his second assignment of error, Mr. Foster argues his convictions are against the manifest weight of the evidence.

{¶15} When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.). This Court "will not overturn a conviction as being against the manifest weight of the evidence simply because the trier of fact chose to believe the State's version of events over another version." *State v. Warren*, 2020-Ohio-6990, ¶ 25 (9th Dist.), quoting *State v. Tolliver*, 2017-Ohio-4214, ¶ 15 (9th Dist.).

**Cruelty to Companion Animals**

{¶16} As to cruelty to companion animals, Mr. Foster argues "the government presented no evidence that [Mr.] Foster put the animals through serious physical harm." This argument, however, sounds in sufficiency, not manifest weight. Sufficiency and manifest weight are separate and distinct questions under the law. Accordingly, consistent with our precedent, we "will not create or develop a manifest weight argument on [Mr. Foster's] behalf." *State v. Jackson*, 2018-Ohio-1285, ¶ 47 (9th Dist.).

**Aggravated Arson**

{¶17} As to aggravated arson, Mr. Foster argues individuals living in the house had biases against Mr. Foster, there was no forensic evidence linking Mr. Foster to the fire, Mr. Foster's mother testified he did not threaten to burn down the house, and C.R. testified she did not know Mr. Foster's location in the 20 minutes preceding the fire.

{¶18} Indeed, "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts[,]" who is "free to believe all, part, or none of the testimony of each witness." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus; *Prince v. Jordan*, 2004-Ohio-7184, ¶ 35 (9th Dist.). "This Court will not overturn the trial court's verdict on a manifest weight of the evidence challenge only because the trier of fact chose to believe certain witness testimony over the testimony of others." *State v. Hill*, 2013-Ohio-4022, ¶ 15. Here, the jury heard testimony, including cross-examination, of all the witnesses including Mr. Foster and Mr. Foster's mother. Nothing in this record indicates the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

{¶19} Accordingly, Mr. Foster's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

## [MR. FOSTER] WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

{¶20} In his third assignment of error, Mr. Foster argues he was denied the effective assistance of counsel. Specifically, Mr. Foster argues his counsel was ineffective for failing to make a Crim.R. 29 motion regarding aggravated arson and failing to make any argument when renewing the Crim.R. 29 motion regarding cruelty to companion animals.

{¶21} "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 2006-Ohio-6679, ¶ 62. To prevail on a claim of ineffective assistance of counsel, Mr. Foster must establish (1) that his counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. To

establish prejudice, Mr. Foster must show there existed a reasonable probability that, but for his counsel's errors, the outcome of the proceeding would have been different. *State v. Sowell*, 2016-Ohio-8025, ¶ 138. "Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if, in hindsight, it looks as if a better strategy had been available." *State v. Koch*, 2019-Ohio-4099, ¶ 57 (2d Dist.), citing S*tate v. Cook*, 65 Ohio St.3d 516, 524 (1992).

{¶22} Here, this Court determined above the State presented sufficient evidence to convict Mr. Foster of aggravated arson and cruelty to companion animals. As such, even though Mr. Foster's trial counsel did not make a Crim.R. 29 motion as to aggravated arson and did not make an argument when he renewed his Crim.R. 29 motion as to cruelty to companion animals, Mr. Foster has not demonstrated how counsel's decision in this regard prejudiced him. *See State v. Williams*, 2024-Ohio-2295, ¶ 15 (9th Dist.); *see also State v. Chapman*, 2018-Ohio-1142, ¶ 18 (9th Dist.).

{¶23} Accordingly, Mr. Foster's third assignment of error is overruled.

**ASSIGNMENT OF ERROR IV**

**THE TRIAL COURT IMPROPERLY EXCLUDED EVIDENCE FROM THE JURY.**

{¶24} In his fourth assignment of error, Mr. Foster argues the trial court improperly excluded evidence of drug dealing in the house from the jury. Specifically, Mr. Foster argues the trial court excluded "relevant" evidence because Mr. Foster wanted to argue that someone else started the fire. Mr. Foster claims "[i]f any of the occupants of the duplex were dealing drugs and a customer was unsatisfied with their purchase, that would provide motive to burn the [d]uplex down."

{¶25} Evid.R. 103 states in relevant part:

**(A) Effect of Erroneous Ruling**. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected; and

(1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or

(2) Offer of Proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked. Offer of proof is not necessary if evidence is excluded during cross-examination.

Once the court rules definitely on the record, either before or at trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal.

(Emphasis in original.)

**{¶26}** Before the start of Mr. Foster's case-in-chief, the State moved, in limine, to exclude alleged evidence of drug use or drug dealing by the State's witnesses. The State argued, "[y]ou can't use uncharged prior bad acts, crimes, so on and so forth, to impeach someone's credibility." Mr. Foster's counsel responded, "Your Honor, Mr. Foster believes that it is relevant information that the jury should hear and it goes towards his defense. However, we will respect whatever the [c]ourt's ruling will be on that matter." Mr. Foster's counsel then stated he should be allowed to bring in a witness that knows a person's "reputation in the community for being honest or dishonest." The State conceded pursuant to Evid.R. 608, Mr. Foster could attack the credibility of a witness for truthfulness or untruthfulness, but "that allegations of drug dealing or drug use do not relate to character for truthfulness or untruthfulness." The trial court then stated:

All right. So, getting into any sort of drug activity, drug dealing, is not going to be allowed. If somebody wants to speak as to somebody's reputation, that's fine, but I'm going to give you a really short leash. There are really no credibility issues that are put forth at this time. So limit that, and you need to instruct your witnesses as well.

Although Mr. Foster engaged in this discussion with the State and trial court, he did not object to the trial court's ruling or offer any evidence regarding what his witnesses would have testified to

regarding the State's witnesses' alleged drug dealing or drug use. Moreover, Mr. Foster did not explain the substance of the alleged testimony, other than it would generally be about drug use or drug dealing in the home. Further, Mr. Foster did not indicate which of his witnesses would testify to the alleged drug dealing or drug use.

**{¶27}** Because Mr. Foster did not properly preserve this error at the trial court level, it is forfeited for purposes of appeal. *See State v. Parsons*, 2019-Ohio-5021, ¶ 6 (9th Dist.). While Mr. Foster could still argue plain error on appeal, he has not done so. *See* Evid.R. 103(D). "[T]his court will not sua sponte undertake a plain-error analysis if a defendant fails to do so." *State v. Cross*, 2011-Ohio-3250, ¶ 41 (9th Dist.).

**{¶28}** Accordingly, Mr. Foster's fourth assignment of error is overruled.

III.

**{¶29}** Mr. Foster's first, second, third, and fourth assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

WESLEY C. BUCHANAN, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.