**[Cite as *State v. Mauricio*, 2025-Ohio-5088.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.  24CA012147 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES MAURICIO | LORAIN MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.  24CRB00847 |

DECISION AND JOURNAL ENTRY

Dated: November 10, 2025

---

CARR, Judge.

**{¶1}** Appellant, James Mauricio, appeals, pro se, the judgment of the Lorain Municipal Court. This Court affirms.

I.

**{¶2}** On March 18, 2024, police responded to a call regarding a possible burglary in progress at a residence on Collins Drive in Lorain. Upon arriving at the scene, police encountered Mauricio, who claimed that he was helping a friend move. Following a tense exchange with police where Mauricio refused to provide his identification, Mauricio was charged with one count of obstructing official business. Mauricio pleaded not guilty to the charge at arraignment. The matter ultimately proceeded to a bench trial where Mauricio represented himself. At the conclusion of the trial, Mauricio was found guilty by the trial court. In addition to a $500 fine, the trial court imposed a 90-day jail sentence, all of which was suspended in favor of two years of monitored time.

{¶3}     Mauricio filed a timely notice of appeal.  Although Mauricio alludes to an array of issues in the introductory pages of his merit brief, he sets forth only four assignments of error in the body of his brief.  *See* App.R. 16(A)(7).  With respect to Mauricio's four assignments of error, this Court consolidates certain assignments of error in order facilitate review.[1]

II.

## ASSIGNMENT OF ERROR I

APPELLANT'S CONVICTION FOR OBSTRUCTION OF OFFICIAL BUSINESS WAS AGAINST THE MANIFEST WEIGHT OF [THE] EVIDENCE.

{¶4}     While the wording of Mauricio's first assignment of error speaks to the weight of the evidence, the argument contained in Mauricio's merit brief pertains solely to the sufficiency of the evidence in support of his conviction for obstruction of official business.  Accordingly, this Court construes Mauricio's first assignment of error as a challenge to the sufficiency of the evidence.  Mauricio maintains that the State "presented no evidence that [Mauricio's] actions substantially impeded the officers' duties."  This Court disagrees.

{¶5}     When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction.  *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

---

[1] Mauricio moved this Court to correct the record by supplementing it with a number of exhibits.  Because Mauricio failed to demonstrate that the items in question were part of the trial court record, this Court denied the motion and noted that the matter should be submitted to and settled by the trial court.

*Id*. at paragraph two of the syllabus.

{¶6} Mauricio was convicted of one count of obstructing official business in violation of R.C. 2921.31(A), which states as follows:

> No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

{¶7} While an affirmative act is generally necessary to support a conviction for obstruction of official business, this Court has observed that "failing to comply with an officer's order may constitute obstruction under some circumstances." *State v. Keagle*, 2019-Ohio-3975, ¶ 21 (9th Dist.). "[A] suspect may indeed obstruct official business when he creates a significant delay by ignoring an officer's repeated orders, thereby impeding the officer's ability to perform his lawful duties." *State v. Seibert*, 2021-Ohio-3069, ¶ 35 (9th Dist.), quoting *Keagle* at ¶ 21, quoting *State v. Moss*, 2018-Ohio-4747, ¶ 12 (9th Dist.).

{¶8} At trial, the State presented evidence in support of the following narrative. At approximately 12:25 a.m. on March 18, 2024, Officer Brent Payne of the Lorain Police Department responded to a call about a potential burglary. Officer Payne testified that "[Dispatch] received a call of a suspicious male, suspicious vehicle, parked at a complex; a duplex on Collins Drive. The caller relayed to dispatch that it had been there for a while, there was property in the back of the truck, and he did not know if there was a burglary taking place, or possibly somebody moving in." Officer Payne was one of two officers to respond.

{¶9} When Officer Payne arrived on the scene, he observed a Ford F-150 pickup truck with several pieces of furniture in the bed. Mauricio emerged from the residence in question and indicated that he was helping a friend move out because she had been evicted. Mauricio was alone. When Officer Payne attempted to obtain Mauricio's identification, Mauricio gave his first name

but refused to provide any other details. Officer Payne explained that given the nature of the report and his observations upon arriving at the scene, he needed to obtain an identification to ensure that a burglary was not taking place. Officer Payne and Mauricio went back and forth for several minutes, with Officer Payne attempting to deescalate the situation. Finally, Officer Payne informed Mauricio that if he did not provide his identification information, he would be placed under arrest. Mauricio attempted to walk away. At that point, Officer Payne placed Mauricio under arrest for obstructing official business.

{¶10} At trial, Officer Payne explained that, based on the circumstances, he had to identify Mauricio in order to determine his status in relationship to the residence from which he appeared to be removing furniture. According to Officer Payne, Mauricio attempted to walk away at several different points, including when Officer Payne informed him that he needed to provide identification or else he would be placed under arrest. Upon arresting Mauricio, Officer Payne discovered a debit card on Mauricio's person that contained his first and last name. Officer Payne then learned that Mauricio had an outstanding warrant related to a traffic case.

{¶11} While Mauricio argues that there was no evidence that he impeded Officer Payne's investigation, the record does not support that assertion. Officer Payne responded to 2801 Collins Drive in Lorain to investigate a potential burglary in progress. Upon arriving, Officer Payne noticed a pickup truck loaded with furniture. Officer Payne then encountered Mauricio, who, despite the late hour, claimed that he was helping a friend move. Although Mauricio claimed that the woman who owned the property was going to be evicted at 7:00 a.m. the following morning, the woman was nowhere to be found. In order to complete his investigation, Officer Payne was required to, at a minimum, obtain Mauricio's identification in case a problem arose with the property. Mauricio impeded the investigation by refusing to give his identification and attempting

to walk away from Officer Payne on multiple occasions. This evidence, when construed in the light most favorable to the State, was sufficient to sustain Maurcicio's conviction.

{¶12} The first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN FAILING TO SUPPRESS THE ARREST AND EVIDENCE OBTAINED AS THE APPELLANT WAS NOT ENGAGED IN ANY CRIMINAL ACTIVITY WHEN APPROACHED BY LAW ENFORCEMENT.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO CONSIDER THE APPELLANT[']S CONSTITUTIONAL RIGHTS UNDER THE FOURTH AMENDMENT DURING THE INTERACTION WITH LAW ENFORCEMENT.

{¶13} In his second assignment of error, Mauricio argues that the trial court erred by failing to suppress all of the evidence that was obtained as a result of his unlawful detention. In his fourth assignment of error, Mauricio similarly contends that the trial court "failed to properly assess" whether there was a lawful basis to detain Mauricio.

{¶14} The issues Mauricio raises in his second and fourth assignments of error pertaining to his detention and arrest could have been raised in a motion to suppress. Crim.R. 12(C)(3) provides that motions to suppress evidence must be raised before trial and, further, that "[s]uch motions shall be filed in the trial court only." The failure to file a motion to suppress results in the forfeiture of a challenge to the admission of that evidence on appeal. *See State v. Daniels*, 2020-Ohio-1176, ¶ 32 (9th Dist.); Crim.R. 12(H). Mauricio did not file a motion to suppress in this case. Accordingly, he has forfeited all but plain error on appeal. *Daniels* at ¶ 32. As Mauricio has not set forth a plain error argument on appeal, this Court declines to create one on his behalf. *State v. Boatright*, 2017-Ohio-5794, ¶ 8 (9th Dist.).

{¶15} The second and fourth assignments of error are overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN FAILING TO ADDRESS THE IMPROPER HANDLING OF THE APPELLANT[']S PROPERTY (THE MISSING TRUCK KEYS) AFTER THE ARREST.

{¶16} In his third assignment of error, Mauricio argues that the trial court failed to address whether law enforcement improperly handled a set of keys to his truck. This Court disagrees.

{¶17} A review of the record reveals that on cross-examination of Officer Payne, Mauricio asked how many sets of truck keys Mauricio had on his person at the time of the incident. When Officer Payne indicated that he recalled one set of keys, Mauricio suggested that there were two sets of keys and one of them was not returned to him. Mauricio maintained that Officer Payne's body camera video showed that Mauricio was in possession of two sets of keys at the time of his arrest. In response, Officer Payne indicated that the jail would have an inventory record. At that point, the trial court intervened and ruled that the question of whether Mauricio's keys were improperly handled subsequent to his arrest was not relevant to his criminal trial. Mauricio then pursued a different line of questioning.

{¶18} Mauricio's third assignment of error is without merit as he has not addressed the trial court's basis for excluding the testimony about the truck keys. It is the appellant's duty to affirmatively demonstrate error on appeal. *Ohio Edison Co. v. Williams*, 2007-Ohio-5028, ¶ 9 (9th Dist.); App.R. 16(A)(7). As discussed above, the trial court ruled that the testimony regarding the handling of the truck keys was not relevant to the criminal charge pending against Mauricio. Evid.R. 401 defines "[r]elevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." On appeal, Mauricio has not addressed the trial court's

ruling that the testimony in question was not relevant to his criminal trial. We further note that R.C. 2981.11 sets forth procedures for the safekeeping and returning of property in the custody of a law enforcement agency. To the extent that police are still in possession of Mauricio's keys, the recovery of that property would entail a separate proceeding. Accordingly, Mauricio has not demonstrated that the trial court committed reversible error.

{¶19} Mauricio's third assignment of error is overruled.

III.

{¶20} Mauricio's assignments of error are overruled. The judgment of the Lorain Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

STEVENSON, J.
CONCURS.

FLAGG LANZINGER, P. J.
DISSENTING.

{¶21} I respectfully dissent because I would sustain Mauricio's first assignment of error. The majority holds that sufficient evidence existed to support Mauricio's conviction for obstructing official business because Mauricio impeded Officer Payne's investigation by refusing to identify himself and attempting to walk away on multiple occasions. I disagree.

{¶22} "An affirmative act is required in order to support a finding that an individual was guilty of obstructing official business." *State v. Harris*, 2015-Ohio-5378, ¶ 7 (9th Dist.), quoting *North Ridgeville v. Reichbaum*, 112 Ohio App.3d 79, 84 (9th Dist. 1996). Considering the "total course of [Mauricio's] conduct[,]" I would hold that neither Mauricio's refusal to give Officer Payne his last name, nor the fact that he attempted to walk away, constituted an affirmative act sufficient to sustain a conviction for obstructing official business. *State v. Moss*, 2018-Ohio-4747, ¶ 12 (9th Dist.) (providing that the failure to identify one's self, without more, is not an affirmative act sufficient to sustain a conviction for obstructing official business); *State v. Coffman*, 2024-Ohio-1182, ¶ 28-31 (1st Dist.) (reversing the defendant's conviction for obstructing official business because the defendant's brief flight from an officer did not hamper or impede the officer's investigation). Additionally, I would note that R.C. 2921.29 governs the refusal to disclose

personal information to a law enforcement officer, yet the State did not charge Mauricio under that statute.

{¶23} In light of the foregoing, I would sustain Mauricio's first assignment of error. I would overrule Mauricio's remaining assignments of error on the basis that they are moot. App.R. 12(A)(1)(c). For these reasons, I respectfully dissent.

APPEARANCES:

JAMES A. MAURICIO, pro se, Appellant.

SCOTT A. BOWLES, and ROCKY R. RADEFF, Assistant Prosecuting Attorneys, for Appellee.