[Cite as *State v. Foster*, 2025-Ohio-5838.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 31499 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| THOMAS WAYNE FOSTER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2021-06-2153 |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2025

STEVENSON, Judge.

{¶1}   Defendant-Appellant Thomas Wayne Foster appeals from the judgment of the Summit County Court of Common Pleas denying his petition for postconviction relief.  We affirm.

I.

{¶2}   Mr. Foster was found guilty by a jury on one count of aggravated arson in violation of R.C. 2909.02(A)(1), a felony of the first degree; one count of aggravated arson in violation of R.C. 2909.02(A)(2)/(B)(3), a felony of the second degree; and four counts of cruelty to companion animals in violation of R.C. 959.131(C)/(E)(2), felonies of the fifth degree.  He was sentenced to an aggregate minimum prison term of 14 years and an aggregate maximum prison term of 16 and ½ years.  Mr. Foster appealed to this Court and we affirmed, concluding that his convictions were supported by sufficient evidence, were not against the manifest weight of the evidence, that he was not denied effective assistance of counsel, and that evidence was not improperly excluded. *State v. Foster*, 2024-Ohio-4657 (9th Dist.) ("*Foster I*").

**{¶3}** After *Foster I*, Mr. Foster filed the underlying petition for postconviction relief pursuant to R.C. 2953.21. His petition raised claims regarding whether he should have been allowed to represent himself at trial, issues with his sentence, and whether the trial court was biased against him regarding evidentiary issues at trial. The trial court first determined that his petition was untimely, which then invoked the provisions of R.C. 2953.23(A)(1). In denying Mr. Foster's petition, the trial court found that he did not meet the requirements of R.C. 2953.23(A)(1) for the court to consider his untimely application, and therefore, the court was without jurisdiction to consider his petition. The court further found that his claims were precluded by the doctrine of res judicata as he could have raised them on direct appeal but did not.

**{¶4}** Mr. Foster timely appealed and raises five assignments of error for our review. We will address Mr. Foster's assignments of error in a consolidated fashion as he does not meet the threshold requirements under the appellate rules for this Court to consider the merits of his arguments.

II.

**ASSIGNMENT OF ERROR 1.**

**THE COURT WAS IN ERROR AND THE ACCUSED WAS JUDICIALLY PREJUDICE[D][] BASED ON THE PROSECUTORIAL MISCONDUCT DURING TRIAL[.]**

**ASSIGNMENT OF ERROR 2.**

**THE COURT WAS IN ERROR AND THE ACCUSED WAS JUDICIALLY PREJUDICE[D][] DUE TO COUNSEL['S] INEFFECTIVE ASSISTANCE OF COUNSEL DURING TRIAL[.]**

**ASSIGNMENT OF ERROR 3.**

**THE COURT WAS IN ERROR AND THE ACCUSED WAS JUDICIALLY PREJUDICE[D][] WHEN THE COURT DENIED THE ACCUSED TO PROCEED PRO SE [ON] HIS OWN BEHALF[.]**

## ASSIGNMENT OF ERROR 4.

**THE COURT WAS IN ERROR AND THE ACCUSED WAS JUDICIALLY PREJUDICE[D][] WHEN THE COURT FAILED TO SUA SPONTE ITSELF AFTER A MISTRIAL BY THE JURY[.]**

## ASSIGNMENT OF ERROR 5.

**THE COURT WAS IN ERROR AND THE ACCUSED WAS JUDICIALLY PREJUDICE[D][] WHEN THE COURT FAILED TO RE[C]USE[] ITSELF DURING THE SECOND TRIAL[.]**

{¶5} Decisions granting or denying a petition for postconviction relief are reviewed under an abuse of discretion standard. *State v. Hatton*, 2022-Ohio-3991, ¶ 38. Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief must be filed within 365 days of the date on which the transcript is filed in a direct appeal. In this case, Mr. Foster missed that deadline. When the petition is filed more than 365 days after the trial transcript was filed in the court of appeals, the petition must meet the jurisdictional requirements in R.C. 2953.23(A)(1) or (2) for an untimely petition. *Hatton* at ¶ 37.

{¶6} R.C. 2953.23(A)(1) provides that a trial court may only entertain an untimely or successive petition for postconviction relief when *both* of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]

{¶7} "[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely . . . postconviction petition." *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36.

{¶8}    Mr. Foster does not acknowledge on appeal that his petition for postconviction relief was untimely.  Consequently, he makes no argument in his merit brief that his untimely petition satisfies the provisions of R.C. 2953.23(A)(1)(a) and (b).  *See Turner v Kelsy,* 2024-Ohio-1506, ¶ 6 ("[b]ecause [appellant] has made no argument demonstrating error in the rationale for dismissal specified by the [trial court], he has failed to establish an error that would entitle him to reversal of the judgment below."). Mr. Foster does not argue that he meets one of the two conditions under the first prong of R.C. 2953.23(A)(1*); i.e.,* that either he was unavoidably prevented from discovery of the facts upon which he is basing his petition, or that the United States Supreme Court has recognized a new state or federal right which applies retroactively. Because the provisions of R.C. 2953.23(A)(1)(a) and (b) are in the conjunctive, and Mr. Foster has failed to make an argument under either of the conditions in (A)(1)(a), his assignments of error must be overruled.

{¶9}    In addition, as the trial court pointed out, Mr. Foster could have raised these claims on direct appeal in *Foster I* but did not do so, thus they are barred by the doctrine of res judicata which applies in all postconviction relief proceedings. *See State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996); *State v. Dulling*, 21 Ohio St.2d 13, 16 (1970).

III.

{¶10}   Based on the foregoing, Mr. Foster's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
SCOT STEVENSON
FOR THE COURT

FLAGG LANZINGER, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

THOMAS FOSTER, pro se, Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.