**[Cite as *State v. Hill*, 2026-Ohio-1840.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

CHRISTOPHER HILL

    Appellant

C.A. No.     31636

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2024-12-3978

DECISION AND JOURNAL ENTRY

Dated: May 20, 2026

HENSAL, Judge.

{¶1}     Christopher Hill appeals a judgment of the Summit County Court of Common Pleas that determined he is a sexually violent predator.  For the following reasons, this Court affirms.

I.

{¶2}     The Grand Jury indicted Mr. Hill on three counts of gross sexual imposition.  Each count also included a sexually violent predator specification.  After the State dismissed one of the counts, Mr. Hill pleaded guilty to the underlying offense on the other two counts and elected to have the specifications tried to the bench.

{¶3}     At trial, the State did not call any witnesses but presented three exhibits after Mr. Hill stipulated as to their authenticity.  The exhibits were a judgment entry of Mr. Hill's 2013 conviction for pandering obscenity involving a minor, a 2013 assessment regarding Mr. Hill's sex offender risk, and a 2023 letter by a behavioral care center indicating that Mr. Hill had failed to successfully complete his treatment there after being released from prison.  Based on these

documents, the trial court found Mr. Hill guilty of the sexually violent predator specifications. Mr. Hill has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED PLAIN ERROR BY MISUNDERSTANDING AND MISUSING EXHIBIT 3 AND EXTENDING ITS CONTENTS BEYOND THE EXPRESSLY LIMITED STIPULATION.

{¶4} In his first assignment of error, Mr. Hill argues that the trial court incorrectly went beyond the scope of his stipulation when it used the submitted documents to determine that he is a sexually violent predator. According to Mr. Hill, the stipulation was limited to the authenticity of the documents. He argues that the trial court should not have used the documents for substantive purposes because they were unreliable and not within the limits of the stipulation. He also argues that the error was plain.

{¶5} At trial, the court confirmed that Mr. Hill was stipulating to the authenticity of the documents and nothing beyond their "me[re] authenticity . . . ." When the State submitted the documents into evidence, Mr. Hill did not object to their admission. In its decision, the trial court reviewed the criteria for the sexually violent predator classification. It noted that Mr. Hill had previously been convicted of a sexually oriented offense, it stated that it placed significant weight on Mr. Hill's commission of gross sexual imposition against his young daughter, and it noted that the 2023 report recounted Mr. Hill's admission to many sexual offenses over the years. The court also noted that the victims of those offenses included family members, many children, and even animals. It further noted that the most recent recidivism assessment of Mr. Hill found him to be at high risk of re-offending and to present a significant risk of committing further sexual offenses against children.

{¶6} The trial court's decision does not reflect that it improperly broadened the scope of the stipulation as to the documents' authenticity. The court reviewed the documents and deemed them to provide a credible account of Mr. Hill's sexual offenses and his risk of re-offending.

{¶7} To the extent that Mr. Hill's argument contends that the trial court should not have given the weight to the documents that it did, this is a manifest weight argument that he has not assigned as error or developed in his brief. This Court will not create a manifest weight argument on Mr. Hill's behalf. *State v. Foster*, 2024-Ohio-4657, ¶ 16 (9th Dist.). Upon review of the record, we conclude that the trial court did not misunderstand, misuse, or extend the parties' stipulation. Mr. Hill's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION BY ADMITTING AND RELYING UPON TEMPORALLY IRRELEVANT EVIDENCE, MISIDENTIFIED AS POST-2013, THEREBY VIOLATING EVID.R. 402 AND 403 AND MATERIALLY AFFECTING THE COURT'S JUDGMENT.

{¶8} In his second assignment of error, Mr. Hill argues that, even though the authenticity of the exhibits was stipulated, the trial court should not have admitted them. He also argues that the court improperly interpreted the 2023 letter as reflecting events that occurred after the 2013 assessment.

{¶9} Regarding whether the trial court should have admitted the exhibits, Mr. Hill argues that they were not relevant under Evidence Rule 402 and that they were more prejudicial than probative under Rule 403. Because he did not make these arguments at trial, he has forfeited them and is limited to arguing plain error on appeal. *State v. Jenkins*, 2018-Ohio-4814, ¶ 24 (9th Dist.). Mr. Hill has not developed a plain error argument, however, and we decline to create one for him. *State v. Mauricio*, 2025-Ohio-5088, ¶ 14 (9th Dist.). Mr. Hill's second assignment of error is overruled.

III.

{¶10} Mr. Hill's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

JESSICA MANUNGO, Assistant Public Defender, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.